358 August 14, 2024 No. 565

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. C. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. A. S.,
*Appellant.*

Wheeler County Circuit Court
21JU02419; A179842

John A. Wolf, Judge.

On appellant's petition for reconsideration filed June 5, 2024. Opinion filed April 17, 2024. 332 Or App 89, 548 P3d 505.

Sean Connor, Deputy Public Defender, and Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services, for petition.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Reconsideration allowed; former opinion modified and adhered to as modified.

**HELLMAN, J.**

Mother has petitioned for reconsideration of our opinion in this case, *Dept. of Human Services v. N. A. S.*, 332 Or App 89, 548 P3d 505 (2024), asserting that the opinion erroneously shifted the burden to mother to prove that she had changed, instead of holding the department to its burden to prove that her progress was insufficient. We disagree with mother's assertion. The opinion did not shift the burden to mother. Instead, it recognized that the record permitted the juvenile court to determine that mother's progress was insufficient. Out of an abundance of caution, however, we allow reconsideration and revise the opinion to avoid any confusion.

On page 91, the following citation is added directly after the citation to *Dept. of Human Services v. C. W.*, 312 Or App 572, 574, 493 P3d 74 (2021):

> *Dept. of Human Services v. Y. B.*, 372 Or 133, 151, 546 P3d 255 (2024) (explaining that appellate courts review sufficient progress determinations "by examining whether the facts explicitly and implicitly found by the juvenile court, together with all inferences reasonably drawn from those facts, were legally sufficient to support the juvenile court's determination").

The original opinion, on page 96, contains this sentence:

> "That evidence, coupled with the absence of any evidence demonstrating a substantial change in mother's behavior, permitted the juvenile court to reasonably infer that mother's pattern of substance abuse was unchanged."

That sentence is revised to read as follows:

> "That specific evidence, along with the entirety of the record that demonstrated no meaningful change in mother's behavior, permitted the juvenile court to reasonably infer that mother's pattern of substance abuse was unchanged."

Reconsideration allowed; former opinion modified and adhered to as modified.